UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES WALLACE, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00905-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>(Doc. 4)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Before the Court is Plaintiff's motion for a temporary restraining order and a preliminary injunction. (Doc. 4.) For the reasons set forth below, the Court recommends that Plaintiff's motion be denied.

**I.   PLAINTIFF'S MOTION**

　　**a.   Factual Allegations**[1]

Plaintiff suffers from a nonunion fracture of his left medial malleolus, which causes his toes to curl inward and affects his ability to walk. (Doc. 4 at 2, 11-13.) In December 2018, and again in April 2019, orthopedic surgeons recommended corrective surgery. (*Id.*) Plaintiff's condition has deteriorated to the point that he has "not walked [properly] for over 3 years." (*Id.* at 12-13.)

---

[1] For purposes of these findings and recommendations, the Court accepts Plaintiff's factual allegations as true.

While incarcerated at the Men's Central Jail in Los Angeles, a podiatrist scheduled Plaintiff for corrective surgery in May 2020. (*Id.*) In January 2020, prior to undergoing surgery, Plaintiff was transferred to Wasco State Prison, and then to Substance Abuse Treatment Facility and State Prison, Corcoran (SATF). (*See id.* at 2, 8.) The medical staff at SATF has denied Plaintiff surgery, stating that X-rays show that his fracture appears to have healed. (*Id.* at 2, 12.) The staff has also denied Plaintiff a "medical mattress," orthopedic shoes, and wheelchair repairs, as well as medications previously prescribed at Wasco State Prison. (*Id.* at 9-11.)

### b. Requested Relief

Plaintiff requests a restraining order and an injunction requiring the defendants to provide him corrective surgery, physical therapy, proper medication, and "durable medical equipment," including a medical mattress, orthopedic shoes, a brace, and wheelchair repairs. (*See id.* at 15-16.)

## II. DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right."[2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. "The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted).

### a. Plaintiff does not show that he is likely to succeed on the merits of his deliberate indifference claim

"Prison officials violate the Eighth Amendment if they are 'deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This is true whether the indifference is

---

[2] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (citation omitted).

2

manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta*, 744 F.3d at 1081 (internal quotation marks and citations omitted). "A prison official is deliberately indifferent to that need if he 'knows of and disregards an excessive risk to inmate health.'" *Id.* at 1082 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The test for deliberate indifference thus has objective and subjective components. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To establish a deliberate indifference claim, a prisoner must first "show a serious medical need by demonstrating that failure to treat [the] prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Id.* (internal quotation marks and citation omitted).

As to the first, objective prong, "[i]ndications that a plaintiff has a serious medical need include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation omitted).

As to the second, subjective prong, deliberate indifference "describes a state of mind more blameworthy than negligence" and "requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation marks and citation omitted). Deliberate indifference exists where a prison official "knows that [an] inmate[] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. In medical cases, this requires showing, "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citation omitted). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but [he] 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (internal quotation marks and citation omitted).

Plaintiff does not show that he is likely to succeed on the merits of his deliberate indifference claim.[3] Though Plaintiff's allegations show that he suffers from a serious medical condition, i.e., an ankle fracture that affects his ability to walk, his allegations do not show that the defendants have been deliberately indifferent to that condition. Plaintiff alleges that medical staff at SATF conducted an X-ray and determined that his fracture had healed. (Doc. 4 at 2, 12.) This does not show that the staff purposefully failed to respond his medical needs. Plaintiff contends that the defendants, like prior doctors, should have conducted a CT scan, and that the defendants are disregarding the findings of prior doctors at Men's Central Jail and elsewhere. (*See id.* at 2, 11-12.) He also contends that the staff at SATF should prescribe the same medications as the staff at Wasco State Prison. (*See id.* at 11.) Plaintiff's allegations, at most, show a difference in medical opinion, which does not amount to deliberate indifference. *Toguchi*, 391 F.3d at 1058 (citation omitted). To establish deliberate indifference, a prisoner must show that a "chosen course of treatment was medically unacceptable under the circumstances, and was chosen in *conscious* disregard of an excessive risk to [the prisoner's] health." *Id.* (internal quotation marks and citation omitted) (emphasis added). Plaintiff has not made that showing.

### b. Plaintiff does not show that he is likely to suffer irreparable harm in the absence of his requested relief

Plaintiff contends that, without the requested relief, "his condition will continue to deteriorate, he may never walk normally again." (*See id.* at 4.) Such contention is speculative.

---

[3] The Court's finding relates only to the present motion. The Court has not screened Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Thus, the Court does not express an opinion on whether the factual allegations in the complaint are sufficient to state a cognizable claim that is "plausible on its face," under the liberal pleading standards for *pro se* litigants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512-13 (2002); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff states that he has been unable to walk properly for "over 3 years" (*id.* at 13), and that an orthopedic surgeon recommended surgery back in 2018 (*id.* at 2). The Court is therefore unsure how the failure to provide surgery and the requested medical equipment *now*, in July 2020, will result in "*substantial* and *immediate* irreparable injury." *Lyons*, 461 U.S. at 111 (emphases added). Plaintiff provides no facts (as opposed to conclusory statements) that show that his condition will likely and significantly deteriorate without his requested relief.

Plaintiff's allegations do not rule out the possibility that harm will result from the defendants' course of treatment. However, a litigant "seeking *preliminary* relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (citation omitted) (emphasis added). "Issuing a preliminary injunction based only on a *possibility* of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (citation omitted) (emphasis added). Plaintiff does not make such a showing.

## III.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a temporary restraining order and a preliminary injunction (Doc. 4) be DENIED. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **July 5, 2020**                                  **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE