UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES WALLACE, II,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 1:20-cv-00905-NONE-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Doc. Nos. 4, 10, 14) |

Plaintiff William James Wallace is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 6, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for a temporary restraining order (TRO) and a preliminary injunction (Doc. No. 4) be denied. (Doc. No. 10.) The magistrate judge found that plaintiff failed to show that he is likely succeed on the merits of his claims or that he will likely suffer irreparable harm in the absence of his requested relief. (*Id.* at 2–5.) The findings and recommendations were served on plaintiff and provided him fourteen (14) days to file objections thereto. (*Id.* at 5.)

Plaintiff filed timely objections on July 15, 2020. (Doc. No. 13.) On July 20, 2020, plaintiff filed a "motion to introduce supplemental documents to show deliberate indifference and

imminent danger." (Doc. No. 14.) To the extent plaintiff seeks to supplement his objections with the arguments and documentation provided in and with his motion, the court grants plaintiff's motion and has considered the supplement as part of his objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the file, including plaintiff's objections and supplemental documentation, the court finds the findings and recommendations to be supported by the record and proper analysis. The court agrees with the magistrate judge's finding that plaintiff has failed to show that he is likely to succeed on the merits of his claims.[1]

Plaintiff objects to the pending findings and recommendations on the grounds that: (1) his condition, which began as a broken ankle and has developed into a painful condition known as "hammer toes," where his toes and foot curl inward forming a claw, leaves him experiencing neuropathy, foot numbness and tingling, and burning of the thigh, hips, and lower back; (2) in December 2019, approximately one month before his transfer into defendant's custody, specialist Dr. Fried scheduled plaintiff for corrective surgery in May 2020, and ordered plaintiff to be seen by a neurologist and fitted for an ankle-foot orthosis (AFO) brace and orthopedic shoes; (3) "[e]ven a layperson or someone not a medical professional can recognize further delays to receive treatment have led to irreparable injury," and "every specialist whose [sic] treated me have all agreed I'll never walk normally or free from pain, some speculate whether I will walk at all"; (4) plaintiff contends he will likely succeed on the merits because courts in Washington and Oregon have found his similar claims to be "meritorious"; and (5) plaintiff has gone over five months

---

[1] The court also notes that plaintiff did notify the defendants of his request for a TRO and preliminary injunction nor did he submit the required certification of his efforts to do so. *See* Fed. R. Civ. P. 65(a) (requiring notice to adverse party for preliminary injunction); Fed. R. Civ. P. 65(b)(1) (TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that "immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition," and (2) the plaintiff "certifies in writing any efforts made to give notice and the reasons why [notice] should not be required."). This lack of notice would serve as an independent basis for the denial of plaintiff's motion. *See Sessoms v. Thornton*, No. C 13-0714 WHA (PR), 2013 WL 1832636, at *1–2 (N.D. Cal. May 1, 2013) (denying preliminary injunction in prisoner's deliberate indifference case before complaint was screened where plaintiff failed to notify defendants of intent to file motion); *Scheinuck v. Cate*, No. C 11-3418 WHA (PR), 2011 WL 3890243, at *2 (N.D. Cal. Sept. 1, 2011) (same).

1  without shoes in an unsanitary environment, and has been denied wheelchair repairs, the ability to
2  purchase replacement wheelchair parts at plaintiff's own expense, and a medical mattress. (Doc.
3  No. 13. at 1–2.)

4  As to plaintiff's first, second, and fifth objections, the court agrees with the magistrate
5  judge's finding that plaintiff's allegations reflect that he suffers from a serious medical condition
6  that affects his ability to walk. (Doc. No. 10 at 4.) However, plaintiff otherwise merely repeats
7  the same arguments advanced in his TRO and fails to address the magistrate judge's findings that
8  he has not shown a likelihood of prevailing on his claim that defendants have been deliberately
9  indifferent to that serious medical condition. (*See id.*) Therefore, plaintiff's first, second, and
10  fifth objections do not call into question the conclusion reached in the pending findings and
11  recommendations.

12  Addressing plaintiff's third objection, the court notes the difference in opinion between
13  the specialists plaintiff saw before his transfer into defendants' custody and defendants' own
14  assessments of plaintiff's medical conditions. However, a "difference of opinion between a
15  physician and the prisoner—or between medical professionals—concerning what medical care is
16  appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987
17  (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83
18  (9th Cir. 2014).

19  As to plaintiff's fourth objection, the undersigned has reviewed plaintiff's three pending
20  actions in Washington and Oregon. In *Wallace v. Pierce County Sheriff's Department*, the court
21  recently granted defendant's motion for a more definite statement, granting plaintiff leave to
22  amend his complaint. No. 3:19-cv-05329-RBL-DWC (W.D. Wa. Aug. 3, 2020) (Doc. No. 90).
23  Therefore, the court finds unpersuasive plaintiff's objection that he is likely to succeed on the
24  merits in this case based upon his pending action in Washington, where the pleadings in the
25  Pierce County Sheriff's Department matter remain unsettled. In *Wallace v. Longano*, the court
26  granted defendants' motion for summary judgment, dismissing all of plaintiff's claims and
27  /////
28  /////

finding plaintiff's second motion for summary judgment was without merit.[2] No. 3:19-cv-05330-RJB-JRC (W.D. Wa. July 6, 2020) (Doc. No. 114). In *Wallace v. Washington County Jail*, the court has found that "exceptional circumstances exist in this case to necessitate the appointment of pro bono counsel." No. 3:18-cv-01975-SI (D. Or. Oct. 9, 2019) (Doc. No. 44). However, nothing in the court's October 9, 2019 appointment-of-counsel order informs this court whether plaintiff is likely to succeed on the merits in this case. Therefore, plaintiff's fourth objection lacks also merit.

Plaintiff supplements his motion by submitting as evidence two recently exhausted grievances, which purportedly show defendants' deliberate indifference, failure to provide adequate medical care, and failure to make reasonable accommodations, placing plaintiff in imminent danger. (*See* Doc. No. 14.) The court understands plaintiff's argument that defendants interrupted his prescriptions upon being transferred into their custody, he was previously scheduled for surgery in May 2020 when he was housed at the Men's Central Jail in Los Angeles and before being transferred into defendants' custody in January 2020, and that plaintiff was instructed to discard his generic AFO brace because he thought he was going to receive a custom AFO brace. (*See id.* at 2–3.) Plaintiff, however, faces a high bar, especially on a motion for a TRO and preliminary injunction, to show defendants have been deliberately indifferent to his serious medical condition. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

Based upon the showing made at this stage of the case, the court cannot conclude that plaintiff has demonstrated that defendants have been deliberately indifferent to his serious medical needs where the exhibits to the TRO and supplemental motion indicate plaintiff received medical care for his foot, ankle, hips, sinus issues, cough, and congestion from doctors and nurses between his entry into defendants' custody in January 2020 to at least April 2020. (*See* Doc. No. 4 at 8; Doc. No. 14 at 14, 17, 23.) Plaintiff further alleges that defendants stated "it 'appears' the fracture has healed," while only relying on an x-ray but not a CT scan as other doctors had

---

[2] The court notes that plaintiff has appealed to the Ninth Circuit in the *Longano* matter. *See Longano*, No. 3:19-cv-05330-RJB-JRC (W.D. Wa. July 27, 2020) (Doc. No. 116).

ordered.  (*See* Doc. No. 4 at 2, 11–12.)  While the court is sympathetic to plaintiff's medical situation, his bare allegations that he did not receive a particular type of treatment alone are insufficient to prevail on a motion for a TRO and preliminary injunction.  *Cf. Wiseman v. Cate*, No. 1:14-cv-00831-DAD-SAB (PC), 2018 WL 4636181, at *3 (E.D. Cal. Sept. 26, 2018) (citing *Snow*, 681 F.3d at 987 ("A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.")).  Therefore, the court will deny plaintiff's motion for a TRO and preliminary injunction.

      The court does not reach the matter of whether plaintiff's complaint states a cognizable claim of deliberate indifference to serious medical needs under the liberal pleading standards applicable to *pro se* pleadings.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  The assigned magistrate judge will screen plaintiff's complaint as required by 28 U.S.C. § 1915A.

      Accordingly,

1. The findings and recommendations issued on July 6, 2020 (Doc. No. 10) are adopted in full;
2. Plaintiff's motion to supplement his objections to the pending findings and recommendations (Doc. No. 14) is granted;
3. Plaintiff's motion for a temporary restraining order and a preliminary injunction (Doc. No. 4) is denied; and,
4. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **August 13, 2020**

UNITED STATES DISTRICT JUDGE