1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM JAMES WALLACE, II,                Case No. 1:20-cv-00905-JLT (PC)

12            Plaintiff,                        **ORDER GRANTING DEFENDANTS'**
                                                **MOTION FOR PARTIAL SUMMARY**
13        v.                                    **JUDGMENT**

14   CALIFORNIA DEPARTMENT OF                   (Doc. 42)
     CORRECTIONS AND
15   REHABILITATION, et al.,

16            Defendants.

17

18         Defendants move for partial summary judgment on the grounds that Plaintiff failed to

19   exhaust administrative remedies on certain claims prior to filing suit. (Doc. 42.) For the reasons

20   set forth below, the Court grants Defendants' motion.

21   **I.    SUMMARY OF FACTS**[1]

22         Plaintiff claims that while housed at the Substance Abuse Treatment Facility, Defendants

23   "denied him a brace, orthopedic shoes, and parts to repair his wheelchair, and prohibited him

24   from wearing shorts, which has prevented him from participating in activities" of the prison.

25   Screening Order 8 (Doc. 20 at 8).

26

27   ───────────────
     [1] Defendants filed their motion for partial summary judgment on July 6, 2021. (Doc. 42.) Despite receiving notice of
     the requirements for opposing a motion for summary judgment, (*id.* at 2, Doc. 42-3), to date, Plaintiff has failed to
28   file an opposition to Defendants' motion. Therefore, the Court deems any opposition waived, Local Rule 230(l), and
     accepts Defendants' proffered facts as true, Fed. R. Civ. P. 56(e), unless those facts are contradicted by the
     attachments to Defendants' Statement of Undisputed Facts.

1    Plaintiff filed an administrative grievance requesting a brace and orthopedic shoes. Defs.'

2  Statement of Undisputed Facts ("SUF") ¶ 7; Hart Decl. Ex. C (Doc. 42-2 at 41-42). California

3  Correctional Health Care Services ("CCHCS") rendered a disposition of "no intervention" on the

4  grievance at the headquarters' level of review.[2] Hart Decl. ¶ 10, Ex. C (Doc. 42-2 at 15, 38-40).

5  Plaintiff filed a second grievance regarding the denial of orthopedic shoes. Defs.' SUF ¶ 8; Hart

6  Decl. Ex. B (Doc. 42-2 at 32-35). CCHCS rejected the grievance as a duplicated of the grievance

7  filed earlier.[3] Hart Decl. Ex. B (Doc. 42-2 at 31).

8    Plaintiff then filed a grievance requesting permission to wear shorts. Defs.' SUF ¶ 9; Hart

9  Decl. Ex. E (Doc. 42-2 at 62-65). CCHCS rendered a disposition of "no intervention" on the

10  grievance at the headquarters' level of review. Defs.' SUF ¶ 9; Hart Decl. Ex. E (Doc. 42-2 at 59-

11  61).

12  **II.   LEGAL STANDARDS**

13    **A.  Summary Judgment**

14    Summary judgment is appropriate when the moving party "shows that there is no genuine

15  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

16  Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine

17  issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing

18  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by

19  "citing to particular parts of materials in the record, including depositions, documents,

20  electronically stored information, affidavits or declarations, stipulations . . ., admissions,

21  interrogatory answers, or other materials," or by showing that such materials "do not establish the

22  absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

23  evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A),(B). When the non-moving party bears

24  the burden of proof at trial, "the moving party need only prove that there is an absence of

25

26  [2] Defendants' Statement of Undisputed Facts provides that the grievance was denied on July 15, 2020. Defs.' SUF ¶ 7. However, the declaration on which the statement relies, as well as the CCHCS disposition letter attached to the

27  declaration, indicate that the date was actually July 7, 2020.

    [3] Defendants' Statement of Undisputed Facts provides that the grievance was rejected on April 20, 2020, Defs.' SUF

28  ¶ 8, and the declaration on which it relies states that the date was April 18, 2020, Hart Decl. ¶ 9. The CCHCS rejection notice shows that the date was actually February 18, 2020.

1  evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,

2  477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

3        Summary judgment should be entered against a party who fails to make a showing

4  sufficient to establish the existence of an element essential to that party's case, and on which that

5  party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of

6  proof concerning an essential element of the nonmoving party's case necessarily renders all other

7  facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,

8  "so long as whatever is before the district court demonstrates that the standard for the entry of

9  summary judgment . . . is satisfied." *Id.* at 323.

10        **B. Exhaustion of Administrative Remedies**

11        The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect

12  to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

13  any jail, prison, or other correctional facility until such administrative remedies as are available

14  are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and

15  "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

16  Inmates are required to "complete the administrative review process in accordance with the

17  applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

18  court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all

19  inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the

20  relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S.

21  731, 741 (2001).

22        The failure to exhaust administrative remedies is an affirmative defense, which the

23  defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of

24  producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if

25  the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff

26  failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary

27  judgment, the defendant must prove (1) the existence of an available administrative remedy and

28  (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir.

2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him. . ." *Id.* If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

### C. CDCR Health Care Grievance Process

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal "health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on their health or welfare." Cal. Code Regs. tit. 15, § 3999.226(a). Compliance with 42 U.S.C. § 1997e(a) requires California-state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. Health care grievances are generally subject to an "institutional level review" and a "headquarters' level grievance appeal review, if requested by the grievant." Cal. Code Regs. tit. 15, § 3999.226(a)(1). Health care grievances must receive "a headquarters' level disposition before administrative remedies are deemed exhausted." *Id.* §§ 3999.226(g), 3999.230(h). An "appeal rejection or withdrawal does not exhaust administrative remedies." *Id.* § 3999.226(g).

## III.    DISCUSSION

The Prison Litigation Reform Act requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . ., but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

California regulations require prisoners to pursue a health care grievance through two levels of review to exhaust administrative remedies. Cal. Code Regs. tit. 15, §§ 3999.226(a),

3999.226(g), 3999.230(h). Regulations further provide that a grievance may be rejected if it "duplicates [a] . . . previous . . . grievance." *Id.* § 3999.234(a)(6). A rejection (as opposed to a denial on the merits) "does not exhaust administrative remedies." *Id.* § 3999.226(g).

When Plaintiff initiated this action on June 29, 2020, he had not yet received the headquarters' level disposition of "no intervention," which was issued on July 7, 2020. Defs.' SUF ¶ 7; Hart Decl. ¶ 10; Hart Decl. Ex. C (Doc. 42-2 at 38-42). Thus, pursuant to California Code of Regulations sections 3999.226(g) and 3999.230(h), Plaintiff did not exhaust his claim regarding the brace and orthopedic shoes until after he filed suit on June 29, 2020. Plaintiff filed a second grievance regarding the brace, which was rejected as a duplication of the earlier-filed grievance, on February 18, 2020. Defs.' SUF ¶ 8; Hart Decl. ¶ 9; Hart Decl. Ex. B (Doc. 42-2 at 31-35). Pursuant to California Code of Regulations sections 3999.234(a)(6) and 3999.226(g), respectively, the rejection was proper and did not exhaust Plaintiff's claim.

Plaintiff filed a grievance regarding shorts on June 25, 2020, which received a headquarters' level disposition of "no intervention" on December 31, 2020. Defs.' SUF ¶ 9; Hart Decl. ¶ 12; Hart Decl. Ex. E (Doc. 42-2 at 59-65). Thus, pursuant to California Code of Regulations sections 3999.226(g) and 3999.230(h), Plaintiff did not exhaust his claim regarding the shorts until December 31, 2020, which is after he filed suit.[4]

The PLRA provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (emphasis added). In other words, the "remed[y] must be exhausted *before* a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001) (emphasis added)—prisoners may not exhaust during the course of litigation, *see McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). Hence, "claims which are exhausted after the complaint has been tendered to the district court . . . must be dismissed." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (citation omitted).

As described above, Plaintiff exhausted his claims regarding a brace, orthopedic shoes,

---

[4] At his deposition, Plaintiff admitted that he didn't think the grievance related to wearing the shorts was denied by the time he filed this lawsuit. Defs.' SUF ¶ 10.

1    and permission to wear shorts after he filed his complaint on June 29, 2020.[5] The Court,

2    therefore, must dismiss these claims without prejudice. *See McKinney*, 311 F.3d at 1199; *Vaden v.*

3    *Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) (citation omitted).

4    **IV.     ORDER**

5          For the reasons set forth above, the Court GRANTS Defendants' motion for partial

6    summary judgment (Doc. 42). Plaintiff's claims regarding Defendants' alleged denial of a brace,

7    orthopedic shoes, and permission to wear shorts are DISMISSED without prejudice.

8

9    IT IS SO ORDERED.

10   Dated:   __October 1, 2021__              _____ /s/ Jennifer L. Thurston__
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[5] Defendants concede that Plaintiff exhausted his claim regarding a wheelchair prior to filing suit. Defs.' SUF ¶ 5; Defs.' P. & A. 1, 5 (Doc. 42-1 at 1, 5).