# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES WALLACE, II,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00905-BAK (BAM) (PC)<br><br>**ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THE ACTION**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR A FAILURE TO OBEY COURT ORDERS AND FOR A FAILURE TO PROSECUTE**<br><br>**14-DAY DEADLINE** |

Plaintiff William James Wallace, II ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under the Americans with Disabilities Act ("ADA").

**I.　INTRODUCTION**

On October 4, 2021, Defendants California Department of Corrections and Rehabilitation, Ourique, and Smith (collectively "Defendants") filed a motion for summary judgment. (ECF No. 46.) Pursuant to Local Rule 230(l), and as explained in Defendants' Notice of Motion (ECF No. 46 at 1-2), Plaintiff had 21 days to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Plaintiff failed to do so.

On January 13, 2022, the Court issued an Order to Show Cause why the action should not be dismissed for a failure to prosecute. (ECF No. 49.) Plaintiff was given 21 days within which to

respond. (*Id.*) Although more than 60 days have elapsed, Plaintiff has failed to respond.

## II. DISCUSSION

### A. Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff has failed to file an opposition or statement of non-opposition to Defendants' motion for summary judgment. Plaintiff has also failed to respond to this Court's Order to Show Cause. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendants' summary judgment motion has been pending more than five months and Plaintiff has failed to respond in any way.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's January 13, 2022, Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a dismissal of this action. (ECF No. 49 at 1-2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

### III.    RECOMMENDATION

Accordingly, the Court RECOMMENDS that this action be DISMISSED for Plaintiff's failure to obey court orders and failure to prosecute. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2022**            /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

3